# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL MCCREE,<br><br>Defendant. | No. 2:12-cr-00279-TLN<br><br>**ORDER** |

    This matter is before the Court on Defendant Michael McCree's ("Defendant") request for a second mental competency evaluation under 18 U.S.C. § 4241.  (ECF No. 75.)  The United States of America ("Government") opposes this request.  (ECF No. 76.)  The Court has considered the arguments put forth in Defendant's motion and hereby finds Defendant competent and declines to order a second mental competency evaluation.

    On March 5, 2015, Defendant submitted to a competency evaluation conducted by Dr. Jason G. Roof, M.D.  Dr. Roof prepared a written report of that evaluation on March 23, 2015, which concluded that Defendant was competent to stand trial and feigning mental illness.  The Court reviewed said report.  On March 3, 2016, this Court held an evidentiary hearing regarding Defendant's competency, in which Dr. Roof testified about his report and his findings.  (ECF No. 74.)

    Following the hearing, defense counsel submitted a briefing seeking a second examination

on two grounds.  First, defense counsel argues that Defendant was under the influence of a large variety of medications during his evaluation, many of which could have impacted his test results.  (ECF No. 75 at 4.)  Second, defense counsel argues that Defendant has no motive to feign mental incompetence and therefore the conduct Dr. Roof observed is actually consistent with delusional thinking.  (ECF No. 75 at 4.)

The Court disagrees with defense counsel's reasoning.  A defendant is competent to stand trial if he has the ability to consult with his lawyer with a reasonable degree of rational understanding, and he has a rational as well as factual understanding of the proceedings against him.  *Dusky v. United States*, 362 U.S. 402 (1960); *United States v. Hoskie*, 950 F. 2d 1388, 1392 (9th Cir. 1990).  Consistent with the requirements of 18 U.S.C. § 4241, the Court ordered a competency examination and has held a hearing to determine if Defendant meets the standard put forth in *Dusky*.  While defense counsel articulates concerns about the examination, the Court finds such concerns insufficient to warrant a new examination.

Dr. Roof's testimony during the evidentiary hearing specifically addressed defense counsel's concern that Defendant was taking multiple medications.  Dr. Roof testified that he reviewed each medication with Defendant, was aware of their side effects, both collectively and individually, and that this knowledge did not cause Dr. Roof to doubt the accuracy of his evaluation.  The Court finds Dr. Roof, who testified to his extensive qualifications and experience in this area, to be the best authority on this issue.

Furthermore, the Court finds defense counsel's second argument, that Defendant must be delusional because it is irrational to feign mental illness, similarly unavailing.  Defense counsel is asking this Court to make an exception that threatens to swallow the rule by arguing that malingering itself is proof of mental illness.  There are countless motivations for a defendant to feign mental illness, few of which are indicative of incompetence to stand trial.  The Court finds that defense counsel's argument is insufficient to overcome the evidence provided by Dr. Roof's report and subsequent testimony.

/ / /

For these reasons, the Court DENIES Defendant's request and finds Defendant competent pursuant to 18 U.S.C. § 4241. The Court further instructs the parties to request a date for a status conference to proceed forward with this case.

Dated: April 4, 2016

Troy L. Nunley
United States District Judge